UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR06-5473RBL |
| Plaintiff, | ORDER |
| v. | |
| MICHAEL BOLDS, | |
| Defendant. | |

THIS MATTER comes on before the above-entitled court upon Defendant's Motion/Petition "Pursuant to 28 U.S.C. § 2241 'Actual Innocence.'" [Dkt. #50] Having considered the entirety of the records and file herein, the Court finds and rules as follows:

**I.  BACKGROUND**

On December 1, 2006, Bolds was sentenced to 100 months custody based on his guilty plea to one count of possession with intent to distribute more than 5 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) and one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. §841(a)(1) and 841 (b)(1)(C).  In the written

plea agreement between the parties, Bolds admitted that he possessed 20[1] gross grams of cocaine base (18.1 grams 75% pure) and 255 grams of cocaine (246.5 grams 75% pure). He also admitted that the amount of drugs and their packaging were consistent with distribution and not with personal use. He filed a Notice of Appeal of the sentence, but subsequently moved to voluntarily dismiss the appeal which the Ninth Circuit granted.

On November 1, 2007, Bolds filed a motion pursuant to Fed. R. Civ. P. 60(b) alleging ineffective assistance of counsel. The Court restyled the motion as a motion pursuant to 28 U.S.C. § 2255.[2] During the pending of Bolds' § 2255 motion, counsel was appointed to consider the application of Sentencing Guidelines Amendment 706 to his sentence. After a review, the Government and Bolds' counsel filed a joint motion pursuant to 18 U.S.C. § 3582(c) to reduce his sentence. The Court granted the motion and entered an Amended Judgment imposing a new sentence of 84 months. The Court thereafter denied Bolds' § 2255 motion ruling that his counsel did not render ineffective assistance.

Bolds has now filed the instant motion purportedly pursuant to 28 U.S.C. § 2241 arguing that the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, § 2 (Aug 3, 2010) applies to him. He believes that because the Act amended the statutory mandatory sentences for cocaine base, raising the amount of drugs necessary for the five and ten-year mandatory

---

[1] The government mistakenly indicates in their Response that Bolds admitted to possessing 30 gross grams of cocaine base. The difference in the amount of cocaine base does not affect the Court's decision.

[2] The Court properly construed the Rule 60(b) motion as a § 2255 motion; however, the Court inadvertently did not warn Bolds of the consequences of the re-characterization and did not provide him with the opportunity to withdraw the motion as directed by *Castro v. United States*, 570 U.S. 375 (2003). As explained in this Order, this error does not affect the Court's decision on this motion.

sentences, he is "actually innocent" of the crime of possession of cocaine based with intent to distribute.

## II.   DISCUSSION

Title 28, United States Code, Section 2241 does not provide relief because § 2241 is only available in Bolds' situation if he is barred from proceeding under § 2255 <u>and</u> he is actually innocent. *See Alaimalo v. United States*, 636 F.3d 1092, 1096 (9th Cir. 2011). The Act did not make the possession of cocaine base with intent to distribute legal. It only raised from 5 grams to 28 grams and from 50 grams to 280 grams the amount of cocaine base required to trigger the five and ten-year mandatory statutory sentences provided in 21 U.S.C. § 841(b)(1). Thus, his collateral challenge to his conviction is governed by § 2255. Because he filed this motion more than one year after his conviction became final and none of the exceptions apply to extend that date, his motion is time barred.[3]

Bolds may be entitled to relief, however, under 18 U.S.C. § 3582(c). The United States Sentencing Commission has recently voted to give retroactive effect to its proposed amendment to the United States Sentencing Guidelines implementing the Fair Sentencing Act of 2010. Unless Congress acts to disapprove the amendment, retroactivity of the amendment becomes effective November 1, 2011. Bolds may then file a motion pursuant to 18 U.S.C. § 3582(c) and if the amendment has the effect of reducing his guideline range, he may be entitled to be resentenced. Until that date, Bolds is not entitled to relief.

---

[3] Because the Court did not follow the directives of *Castro v. United States*, 570 U.S. 375 (2003), the Court will not consider this a second or successive motion under § 2255(h). (*See* fn. 2 above.)

Bolds' Motion/Petition "Pursuant to 28 U.S.C. § 2241 'Actual Innocence'" [Dkt. #50] is **DENIED.**

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 6th day of July, 2011.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE